IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01612-LTB-KLM

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

SHERRON L. LEWIS, JR.,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Remand** [Docket No. 8; Filed September 25, 2008] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, Defendant's Response [Docket No. 26; Filed November 18, 2008], the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**I.    Statement of the Case**

This case arises out of an investigation into Defendant's alleged unauthorized practice of law ("UPL") by the Colorado Office of Attorney Regulation Counsel ("ARC"). *Motion* [#8] at 1. Pursuant to Rule 232.5(f) of the UPL rules, ARC issued a Notice to Take Deposition and a Subpoena to Produce (hereinafter "Notice and Subpoena") to Defendant

1

on July 15, 2008.  *See Notice of Removal* [#1] at Ex. A; Ex. B.  Defendant filed a Notice of Removal [#1] pursuant to 28 U.S.C. § 1443(1) to this Court on July 30, 2008.  In removing the action to this Court, Defendant contends that the action arises under federal law pursuant to 42 U.S.C. § 1985, because he alleges that ARC lawyers are using "their respective authorities under the Office of the Attorney Regulation Counsel to intimidate the Defendant and prevent the Defendant from free exercise of such rights and protections by using the force of subpoena power and under the 'color of state law'" in violation of Defendant's Fifth Amendment right to due process.  *Id.* at 2-3.  In his response, Defendant further alleges that this action arises pursuant to 42 U.S.C. § 1981 and § 1982.  *Response* [#26] at 3.

Plaintiffs move pursuant to 28 U.S.C. § 1447(c) for remand to the Colorado Office of Attorney Regulation Counsel and the Unauthorized Practice of Law Committee of the Colorado Supreme Court based upon lack of subject matter jurisdiction.  *Motion* [#8] at 1.  Alternatively, Plaintiffs argue that the Court should refrain from hearing Defendant's claims pursuant to the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).

**II.    Standard of Review**

    **A.    28 U.S.C. § 1447**

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.  *See Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F.Supp.2d 1075, 1077 (D. Colo. 2001) (citing *Castaneda v. Immigration and Naturalization Serv.*, 23 F.3d 1576, 1580 (10th Cir. 1994)).  Federal courts have original jurisdiction only over cases that the Constitution and Congress have provided them authority to hear.  *See ICG Telecom Group v. Qwest Corp.*, 375 F.Supp.2d 1084, 1086 (D.

Colo. 2005) (citing U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994)). Removal of a case from state court to the federal courts is governed by 28 U.S.C. § 1441(a), which provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Because federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and party invoking a federal court's jurisdiction bears the burden of proof. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). Indeed, it is the burden of the party opposing remand "to show jurisdiction by a preponderance of the evidence." *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003) (citation omitted). Thus, any doubt concerning whether a case is removable must be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). This rule is inflexible and without exception, requiring a court to deny jurisdiction in all cases where jurisdiction does not affirmatively appear in the record. *See Amundson & Assoc. Art. Studio, Ltd. v. Nat'l Council on Compensation Ins., Inc.*, 977 F.Supp. 1116, 1120-21 (D. Kan. 1997) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites*, 456 U.S. 694, 702 (1982)).

As a result, if this Court lacks jurisdiction over this case, the Court must recommend that it be remanded back to state court pursuant to 28 U.S.C. § 1447(c), which provides, in relevant part:

> A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall
be remanded.

Therefore, remand is authorized pursuant to Section 1447(c) only when there is a defect in the removal procedure or if the district court lacks subject matter jurisdiction. *See* 28 U.S.C. 28 U.S.C. § 1447(c); *see also Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("[t]he two categories of remand within § 1447(c), . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure").

### B. *Younger* Abstention Doctrine

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief--such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings--when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (citations omitted). The United States Supreme Court has established that three factors are relevant to a federal court's decision as to whether abstention is required pursuant to the *Younger* doctrine. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citation omitted)). These factors require the Court to determine whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Id.* (citation omitted). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to

4

abstain." *Id.* (internal quotation marks and citation omitted).

Finally, Defendant here is proceeding *pro se*. The Court must construe the motion liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. A court may not assume that a litigant can prove facts that have not been alleged, or that a party has violated laws in ways that a litigant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## III. Analysis

### 1. Subject Matter Jurisdiction

Plaintiff argues that this Court lacks subject matter jurisdiction over the UPL investigation. *Motion* [#8] at 4-5. Defendant argues that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1443. *Response* [#26] at 2.

In order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A "case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citations omitted); *see also Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1236 (10th Cir. 2003) ("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'"). Pursuant to 28 U.S.C. § 1446(b), a defendant seeking removal of an action must file a notice of removal with the district court within thirty days of service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." This

5

action was removed to federal court upon Defendant's receipt of the subpoena to produce documents and the notice of deposition. *Removal* [#1] at Ex. A, Ex. B. Accordingly, in light of the lack of Complaint or other relevant pleadings in this matter, the Notice and Subpoena are the pleadings to be evaluated by the Court in determining whether subject matter jurisdiction exists. On the face of these documents, it is clear that they do not provide grounds upon which the Court may exercise federal question jurisdiction, as they relate solely to an ongoing unauthorized practice of law investigation. *See, e.g., Notice of Removal* [#1] at Ex. A, Ex. B.

It is well established that the unauthorized practice of law is a matter solely committed to the jurisdiction of the state courts. *See, e.g., New Mexico ex rel. Stein v. W. Estate Servs., Inc.*, 139 Fed. Appx. 37, 38 (10th Cir. 2005) (unpublished decision) (finding that an action to enjoin the unauthorized practice of law did not fall within the district court's federal question jurisdiction); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569 n. 6 (10th Cir. 1993) (noting that "[t]he regulation of the practice of law is a state matter.") (citation omitted). "Article VI of the Colorado Constitution grants the Colorado Supreme Court jurisdiction to regulate and control the practice of law in Colorado to protect the public." *Smith v. Mullarkey*, 121 P.3d 890, 891 (Colo. 2005) (citations omitted). Moreover, "Colorado law prohibits the unauthorized practice of law, *i.e.*, the practice of law by a person who is not a licensed attorney in good standing with the State Bar." *People v. Shell*, 148 P.3d 162, 170 (Colo. 2006). The Colorado Supreme Court has held that its jurisdiction to regulate and control the practice of law in Colorado "is exclusive." *Mullarkey*, 121 P.3d at 891 (citing *People v. Buckles*, 167 Colo. 64, 67 (Colo. 1968); *Denver Bar Ass'n v. Pub. Utilities Comm'n*, 154 Colo. 273, 277 (Colo. 1964)); *see also Shell*, 148 P.3d at 170

(recognizing that the Colorado Supreme Court "has the exclusive authority to punish the unauthorized practice of law with contempt"). Finally, a case may not be removed to federal court on the basis of a federal defense, including any relevant constitutional defenses. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (neither a federal defense nor counterclaim can "serve as the basis for 'arising under' jurisdiction"). However, an exception to this rule is 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Defendant has alleged that the Court's jurisdiction arises pursuant to 28 U.S.C. § 1443(1). *Notice of Removal* [#1] at 3.

### A. Removal Pursuant to 28 U.S.C. § 1443

Section 1443 provides that:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant or the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The two requirements for removal pursuant to § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim

7

that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). That is, "[t]he statute does not authorize removal to protect the broad guarantees of the Constitution." *Miller v. Wade*, 420 F.2d 489, 490 (5th Cir. 1969). Here, Defendant simply asserts that he is an African-American, a member of a protected class, and that his civil rights are being denied pursuant to 42 U.S.C. § 1981, § 1982 and § 1985.[1] *See Response* [#26] at 1, 3. Defendant further asserts, "this case is racially based. The Defendant is a target here simply because he is African-American." *Id.* at 4. Defendant does not provide any specific allegations related to how his rights pursuant to 42 U.S.C. § 1981, § 1982 and § 1985, *i.e.*, his right to contract, hold property or enjoy equal protection of the law, are being denied to him based upon the current UPL investigation. Further, it is not apparent on the face of Defendant's

---

[1] 42 U.S.C. § 1981 provides, in relevant part: "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as it enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

42 U.S.C. § 1982 provides: "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1985(2) provides, in relevant part: "or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; . . . ."

8

Notice of Removal, or the attached exhibits, that the investigation is in any way race-related, or denies Defendant his right to contract or hold property. Moreover, the Court does not find it reasonable to conclude that merely because two different lawyers from ARC are involved in the UPL investigation that they are necessarily engaged in a conspiracy to deny Defendant equal protection of the law pursuant to 42 U.S.C. § 1985, and Defendant has provided no evidence of a conspiracy other than his conclusory assertions. Accordingly, Defendant has not demonstrated that "the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219, and the Court finds that removal pursuant to Section 1443(1) is inappropriate in this case.

Moreover, even assuming that Defendant were able to meet the first prong required for removal pursuant to Section 1443, "[s]econd, it must appear . . . that the removal petition is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State. This provision normally requires that the denial be manifest in a formal expression of state law . . . .'" *Johnson*, 421 U.S. at 219 (citation omitted). The purpose of Section 1443 is "to give state courts the power and opportunity to correct alleged denials of civil rights whenever possible, and thereby to avoid unnecessary federal interference with state judicial processes." 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728, at 469-70 (2d ed. 1985). That is,

> [u]nder § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966). A Defendant's

allegations pursuant to Section 1443(1) must be supported by "specific factual allegations." *People of Colorado v. Ritz*, 2008 WL 4830794, at *3 (D. Colo. Nov. 5, 2008) (citing 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728, at 469)). However, once again, Defendant has failed to provide the Court with any specific factual allegations related to his alleged inability to enforce his constitutional rights in the Colorado UPL proceedings. His conclusory allegations regarding discrimination and conspiracy on the basis of his race do not meet the requirements for removal pursuant to § 1443(1). *See Moeller v. Rodriguez*, 113 F.3d 1246, *1 (10th Cir. 1997) (unpublished decision) (noting that a defendant's "conclusory and extraneous allegations" related to his race did not provide a grounds for removal pursuant to § 1443(1)); *see also Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir. 1968) (finding that a defendant's conclusory allegations failed to provide a grounds for removal pursuant to § 1443(1)). Defendant has not shown that the state courts have been "unable or unwilling to resolve his claim," *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997), and "[s]tate proceedings do not become civil rights matters by generalized, not to mention unsupported, allegations . . . ." *Ronan*, 396 F.2d at 503. Therefore, Defendant has failed to make the requisite showing that he cannot enforce his rights in the state courts, and the removal of this action pursuant to § 1443(1) does not properly provide a grounds for the Court to exercise subject matter jurisdiction in a matter that is clearly within the exclusive authority of the state courts.

Removal pursuant to 28 U.S.C. § 1443(2) is also not appropriate in this action. Defendant has not alleged that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights, and so this section does not provide a basis for removal of Defendant's claims. *See City of Greenwood*, 384

U.S. at 824. Accordingly, this civil action is properly remanded to ARC for lack of subject matter jurisdiction in federal court.

Because I find that the Court lacks subject matter jurisdiction over this matter, I need not address the applicability of the *Younger* abstention doctrine to the case, and express no opinion thereon.

## IV. Conclusion

As set forth above, I respectfully **RECOMMEND** that Plaintiff's **Motion to Remand** [Docket No. 8; Filed September 25, 2008] be **GRANTED** and that this civil action be remanded to the Colorado Office of the Attorney Regulation Counsel and the Unauthorized Practice of Law Committee of the Colorado Supreme Court.

Should this action be remanded, a certified copy of the Order of Remand shall be mailed by the Clerk of the Court to the Colorado Office of Attorney Regulation Counsel and the Unauthorized Practice of Law Committee of the Colorado Supreme Court. *See* 28 U.S.C. § 1447(c).

I further **RECOMMEND** that Defendant's **Motion for an Order to Show Cause** [Docket No. 23; Filed November 13, 2008] and Defendant's **Motion for Leave to Amend Notice of Removal** [Docket No. 29; Filed December 1, 2008] be **DENIED AS MOOT**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review

11

of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: December 11, 2008