IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-01612-LTB-KLM

PEOPLE OF THE STATE OF COLORADO,

        Plaintiff,

v.

SHERRON L. LEWIS, JR.,

        Defendant.

_____

ORDER
_____

       This case is before me on Defendant's Motion and Amended Motion to Alter or Amend Pursuant to Rule 59(e) and Request for Findings [Doc #s 38 & 39]. For the reasons set forth below, I deny the motion.

## I. Background

       Defendant is the subject of an investigation by Colorado's Office of Attorney Regulation Counsel (the "ARC") relating to the unauthorized practice of law. As part of its investigation, the ARC served Defendant with a Subpoena to Produce and Notice to Take Deposition. On July 30, 2008, Defendant filed a Notice of Removal in which he asserted that the ARC's actions in seeking to obtain information from him violated his Fifth Amendment rights and 42 U.S.C. § 1985. Defendant cited 28 U.S.C. 1443 as the basis for removal.

       The ARC moved to remand the matter, and the magistrate judge issued a thorough 12-page recommendation that the motion be granted for lack of subject matter jurisdiction. Defendant filed timely, specific written objections to the magistrate judge's recommendation.

1

After *de novo* review of Defendant's objections, I issued an Order on December 30, 2008 in which I concluded that the magistrate judge's recommendation was correct and granted the motion to remand this case to the ARC and the Unauthorized Practice of Law Committee of the Colorado Supreme Court.

Defendant now requests that "[the] Court alter or amend its Order of December 30, 2008 and issue specific findings on the issues set forth [in the motion] and in Defendant's pleadings to the court ...."

## II. Analysis

In its response to Defendant's motion and amended motion, the ARC argues that review of my December 30, 2008 Order remanding the case is precluded under 28 U.S.C. § 1447(d). I agree.

Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." Although the first clause of Section 1447(d) has been interpreted more narrowly than its seemingly unqualified language would suggest, it is clear that this clause prohibits review of remands for lack of subject matter jurisdiction such as the one in this case. *Miller v. Lambeth,* 443 F.3d 757, 759 (10th Cir. 2006). Therefore, unless 28 U.S.C. § 1443 is applicable, I may not consider Defendant's motion and amended motion under Rule 59(e) or any other authority. *See Shapiro v. Logistec USA, Inc.,* 412 F.3d 307, 311-12 (2d Cir. 2005) (noting that courts have universally construed the "appeal or otherwise" language of Section 1447(d) to preclude both appellate review and reconsideration by the district court of

orders remanding cases under Section 1447(c) for lack of subject matter jurisdiction).

Section 1443 allows for the removal of state court civil or criminal proceedings that are

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Although Defendant cited Section 1443 as the basis for removal, mere citation to this statutory provision is insufficient to render remand reviewable under Section 1447(d). *Miller,* 443 F.3d at 760 (10th Cir. 2006). Instead, I must review the record to determine whether Defendant has alleged a basis for removal under either Section 1443(1) or (2). *Id.*

A two-prong test is used to determine if Section 1443(1) is applicable:

First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice ....

Second, it must appear, in accordance with the provisions of § 1443(1) that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. This provision normally requires that the denial be manifest in a formal expression of state law ....

*Miller*, 443 F.3d at 761 (*quoting Johnson v. Mississippi,* 421 U.S. 213, 219 (1975)).

Again, Defendant alleges that the ARC violated his Fifth Amendment rights and 42 U.S.C. § 1985 in seeking to obtain information from him in connection with its investigation into his alleged unauthorized practice of law. The Fifth Amendment is of general applicability, and the ARC's alleged violation of the rights that it confers on Defendant therefore cannot support removal under Section 1443(1). Conversely, Section 1985(3) provides redress for injuries

3

resulting from conspiracies driven by racial or class-based discriminatory animus, *Dixon v. City of Lawton,* 898 F.2d 1443, 1447 (10th Cir. 1990), and an alleged violation of this statute could support removal under Section 1443(1) under certain circumstances. Here, however, apart from noting the involvement of two different attorneys for the ARC who are not parties to this proceeding, Defendant has failed to set forth any allegations to support the existence of any conspiracy to deprive him of any right, let alone a conspiracy driven by racial animus. In addition, Defendant acknowledges that the gravaman of his complaint against the ARC is the alleged deprivation of his Fifth Amendment rights, which are of general applicability. *See* Objection to Magistrate Judge's Recommendation, pp. 3-4 (arguing that the magistrate judge improperly devoted a significant part of the recommendation to an analysis of 42 U.S.C. §§ 1981, 1982 & 1985).

Under these circumstances, Defendant's removal of this case does not satisfy the first prong of the test under Section 1443(1). Defendant's removal of this case also fails to satisfy the second prong of the test under Section 1443(1) because he has failed to assert some aspect of Colorado law that would prevent him from vindicating his federal rights in the state proceedings. This case is therefore not subject to removal pursuant to Section 1443(1).

As for Section 1443(2), this provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Miller*, 443 F.3d at 761 (*quoting City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824 (1966)). Because Defendant asserts neither that he is a federal officer or agent nor that he has been acting with or for a federal officer or agent, this case is likewise not subject to removal pursuant to 1443(2).

Since Section 1443 is inapplicable to this case, Defendant's request that I alter or amend my December 30, 2008 Order remanding this case must be denied pursuant to Section 28 U.S.C. 1447(d), which precludes reconsideration of that Order under the circumstances of this case. Defendant's request for specific findings is also without merit since the magistrate judge issued a thorough 12-page recommendation addressing the only issue properly before her, *ie.* whether this Court has subject matter jurisdiction over this matter.

IT IS THEREFORE ORDERED that Defendant's Motion and Amended Motion to Alter or Amend Pursuant to Rule 59(e) and Request for Findings [Doc #s 38 & 39] are DENIED.

Dated: February   27  , 2009, in Denver, Colorado.

BY THE COURT:

　　s/Lewis T. Babcock　　　　　
LEWIS T. BABCOCK, JUDGE